# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MARKEAS D. RICKS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:18CV00622 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **C. DEEL, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Markeas D. Ricks, Pro Se Plaintiff; Stacie A. Sessoms, Assistant Attorney General, Richmond, Virginia, for Defendants.*

The plaintiff, Markeas D. Ricks, a Virginia inmate proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials failed to protect him from assault by another inmate or used excessive force against him. After review of the record, I conclude that the defendants' Motion to Dismiss must be granted in part and denied in part.

I.

In 2017, Ricks was confined at Red Onion State Prison, a facility operated by the Virginia Department of Corrections ("VDOC"). During pod recreation on the morning of December 22, 2017, Ricks was sitting on the floor talking on the

telephone.[1]  Another inmate entered the pod, ran toward Ricks, and began stabbing him in the face.  Ricks struggled to his feet to defend himself.  The assailant also stabbed him in the arm and shoulder.  As the inmates fought, they moved into the vestibule, where the assailant fell as Ricks was punching him.

A K-9 officer ordered Ricks to get to the floor and place his hands behind his back, which Ricks did.  The officer "still threw his dog on [Ricks]."  Compl. ¶ 13, ECF No. 1.  Ricks kept begging the officer to remove the dog, even as he was getting "bit all over the back and side of [his] leg."  *Id.*

Officers escorted Ricks to the medical unit, where nurses treated some of his wounds:  stab wounds to his face and lip and dog bites on his leg.  He also felt pain in his arm and shoulder.  The next day Ricks was served with a disciplinary charge for "fighting with another inmate housed in your pod."[2]  *Id.* at ¶ 17.  Ricks asserts, however, that the inmate who attacked him was *not* from his pod.  He complains that this inmate was allowed to "breach security by coming from one building to another with a knife," somehow passing through a metal detector, the vestibule slider door, and then into Ricks' pod without being stopped.  *Id.* at ¶ 18 Ricks states,

> Upon information and belief whichever security officer that pulls programs should conduct a name check from the program/master pass list to see if the inmate belongs in that program and what building and

---

[1]  This summary of Ricks' allegations, stated in the light most favorable to him, is not intended as any finding of fact.

[2]  An attachment to the Complaint indicates that this charge was later dismissed.

>  pod he's coming from to make sure the same amount of inmates return to the right building and pod upon l[ea]ving their program.
>
>  Upon information and belief once an inmate returns to his building security officer[s] in the control booth for that building should conduct a name and I.D. check as well as a headcount on the inmates while checking the program/master pass list for the inmate[']s name so no inmates can go in a pod they didn't belong in.

*Id.* at ¶¶ 19-20.

In his § 1983 Complaint, Ricks identifies four defendants: Correctional Officers C. Deel, J. Woods, and R. Clivenger (whose name is actually spelled Clevinger), and K-9 Officer Hayes.  The court notified Ricks that he had not stated facts about what each of the defendants had done to violate his constitutional rights, as required to state a claim under § 1983.  The court granted Ricks an opportunity to file an Amended Complaint, which he did.  His new submission stated that in violation of his Eighth Amendment rights, Deel "fail[ed] to protect [Ricks] which was deliberate indifference on his behalf by not checking to see who he opens the pod door for"; Woods "fail[ed] to protect [Ricks] which was deliberate indifference on his behalf by not checking to see who enters the pod"; Clevinger "fail[ed] to protect [Ricks] which was deliberate indifference on his behalf by not checking who l[ea]ves program and what pod they return to"; and Hayes "use[d] Excessive Force with no given need by throwing his K9 Dog on [Ricks] while [he] was already laying down pos[ing] no threat at all."  Am. Compl. 2-3, ECF No. 12.

The court construed Ricks' Amended Complaint as an amendment to his initial Complaint and served the case. The defendants have filed a Motion to Dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Ricks has responded, making the matter ripe for disposition.

II.

Rule 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[3] To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As an initial matter, Ricks cannot pursue claims for monetary damages against the defendants in their official capacities. To state a claim under § 1983, a plaintiff

---

[3] I have omitted internal quotation marks, alterations, or citations here and throughout this Opinion, unless otherwise noted.

must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Neither a state nor its officials acting in their official capacities are persons for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Therefore, I will grant the Motion to Dismiss as to all claims against the defendants in their official capacities.

"Prison officials are . . . obligated to take reasonable measures to guarantee inmate safety," an obligation that includes a duty "to protect prisoners from violence at the hands of other prisoners." *Makdessi v. Fields*, 789 F.3d 126, 132 (4th Cir. 2015). On the other hand, "not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 133. To hold an official liable for a failure to protect, the inmate victim must meet two requirements.

First, objectively, the "prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* This requirement can be met where the defendant's actions resulted in physical injuries to the plaintiff. I conclude from the record that the injuries Ricks suffered from the other inmate's assault on him were sufficiently serious to meet this objective requirement.

Second, subjectively, the defendant official "must have a sufficiently culpable state of mind to be held liable." *Id.*  A claim of failure to protect requires showing the defendant's "deliberate indifference to inmate health or safety"—which requires "more than ordinary lack of due care for the prisoner's interests or safety and more than mere negligence, but less than acts or omissions done for the very purpose of causing harm or with knowledge that harm will result." *Id.*  To be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

I conclude that Ricks has not stated sufficient factual matters for a plausible Eighth Amendment claim against Deel, Woods, and Clevinger.  Ricks does not allege facts showing that any of these officers *knew* of a substantial risk that Ricks would be attacked by the assailant inmate or that the assailant would assault anyone.  The Complaint as amended, at the most, alleges that these officers failed to track where the assailant inmate went after he left a program, to detect the weapon this inmate was carrying, or to check his identity and housing assignment before allowing him to enter Ricks' pod.  These allegations implicate mere negligence—an ordinary lack of due care in fulfilling their duty to keep track of where each inmate should be at any given time.  Such alleged negligence is not enough to support a finding of deliberate indifference.  "[A]n official's failure to alleviate a significant

risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" so as to constitute a violation of the Eighth Amendment. *Id.* at 838. Therefore, I must grant the Motion to Dismiss as to Ricks' claims against Deel, Woods, and Clevinger.

I reach a different conclusion regarding the claim that Defendant Hayes used excessive force against Ricks. In this context, the objective component of the Eighth Amendment claim "focuses not on the severity of any injuries inflicted, but rather on the nature of the force which must be nontrivial." *Tedder v. Johnson*, 527 F. App'x 269, 272 (4th Cir. 2013) (unpublished). I conclude that using a dog to bite an inmate repeatedly qualifies as nontrivial force.

The Eighth Amendment does not prohibit all applications of force or infliction of pain against prisoners. *United States v. Gore*, 592 F.3d 489, 494 (4th Cir. 2010). Only uses of force that "inflict[] unnecessary and wanton pain and suffering" can qualify as unconstitutional punishment. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). Identifying such acts turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21. While the court must afford deference to prison officials' discretion regarding necessary measures to maintain security, that discretion "does not insulate from review actions taken in bad faith and for no legitimate purpose." *Id.* at 322. If "the evidence, viewed in the light most favorable

to the plaintiff, will support a reliable inference of wantonness in the infliction of pain," the claim survives a motion to dismiss. *Id.*

I conclude that Ricks has alleged facts stating a plausible excessive force claim against Hayes. Taking Ricks' allegations as true, while he was on the floor, posed no threat to anyone, Hayes ordered his dog to bite Ricks — maliciously and sadistically, with the intention to cause harm, rather than as a good faith effort to restore order. Hayes may be able to present evidence contradicting Ricks' characterization of the circumstances and showing that the force he used was reasonable and even necessary to address the inmate's conduct. At this stage, however, I must deny the Motion to Dismiss as to Ricks' excessive force claim against Hayes.

### III.

For the stated reasons, it is **ORDERED** as follows:

1. The defendant's Motion to Dismiss, ECF No. 17, is GRANTED IN PART AND DENIED IN PART. The motion is DENIED as to the § 1983 claim against defendant Hayes in his individual capacity for monetary damages for his alleged use of excessive force. The motion is GRANTED as to all other claims, and the clerk shall TERMINATE defendants Deel, Woods, and Clevinger (also identified as Clivenger) as parties to this action.

2.	Defendant Hayes is DIRECTED to answer Ricks' pleadings as amended and to file any motion for summary judgment, supported by affidavits, within 30 days from the entry of this Order.  If no such motion is received, the court will schedule this matter for trial.

        ENTER:  November 4, 2019

        /s/  *JAMES P. JONES*
        United States District Judge